**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 16-4763**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

KEVIN J. WICK,

              Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:15-cr-00064-JPB-JES-1)

Submitted:  April 25, 2017                          Decided:  April 27, 2017

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tracy Weese, Shepherdstown, West Virginia, for Appellant.  Stephen L. Vogrin, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin J. Wick pled guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to five counts of transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a) (2012). The district court sentenced Wick to 312 months' imprisonment, the term specified in the Rule 11(c)(1)(C) agreement. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether there was a sufficient factual basis to support Wick's convictions on Counts 2 and 3. Wick filed a supplemental pro se brief challenging the actions of his plea counsel and asserting that he is innocent. We affirm.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2)-(3); *DeFusco*, 949 F.2d at 119-20.

Because Wick did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "To prevail on a claim of plain error, [Wick] must demonstrate not only that the district court plainly erred, but

2

also that this error affected his substantial rights." *Id.* at 816. In the guilty plea context, a defendant establishes that an error affected his substantial rights if he demonstrates a reasonable probability that he would not have pled guilty but for the error. *Id.*

Our review of the record reveals that the district court satisfied all requirements of Rule 11 and ensured that Wick's guilty plea was knowing and voluntary. The court did not plainly err in determining that the FBI agent's testimony was sufficient to support Wick's plea on Counts 2 and 3. Sexual contact is not an element of the offense to which Wick pled guilty; thus, it is immaterial that the victims in Counts 2 and 3 did not affirmatively state that they had been the subject of a sexual assault. Wick's pro se assertions of innocence are belied by his knowing and voluntary guilty plea. *United States v. Willis*, 992 F.3d 489, 490 (4th Cir. 1993) ("A knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction."). Accordingly, we conclude that the district court did not err in accepting Wick's guilty plea.

A defendant may raise a claim of ineffective assistance of counsel on direct appeal if and only if it conclusively appears from the record that counsel did not provide effective assistance. *United States v. Galloway*, 749 F.3d 238, 241 (4th Cir. 2014). Absent such a showing, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). In this case the record does not conclusively show that counsel provided ineffective assistance; thus, Wick's claim is properly raised, if at all, in a § 2255 motion rather than on direct appeal.

3

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal.  Accordingly, we affirm the district court's judgment.  We deny counsel's motion to withdraw at this time.  This court requires that counsel inform Wick, in writing, of the right to petition the Supreme Court of the United States for further review.  If Wick requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Wick.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*